IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)

ZOHRA KHORASHI,

    Plaintiff,

vs.

GADI BEER and BETH GELLMAN BEER,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, Zohra Khorashi, hereby sues Defendants, Gadi Beer and Beth Gellman Beer, and states as follows:

### Introduction

1. This is an action by Zohra Khorashi against Gadi and Beth Gellman Beer for their intentional, malicious and unjustified interference with Plaintiff's business relationship with her former employer, Chartwell Law Offices, LLP.

### Jurisdiction

2. This Court has diversity jurisdiction over Plaintiff's Florida state law claim claims pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00 and there is completely diversity of citizenship between Plaintiff and each of the individual Defendants.

3. The Court has personal jurisdiction over the out-of-state Defendants under Florida's Long-Arm Statute, § 48.193, Fla. Stat. based on their

1

commissions of a tortious act within this state and their intent to cause damages to Plaintiff at her place of employment in Miami-Dade County Florida.

4. Specifically, Defendants engaged in a well-coordinating doxing attack against Plaintiff which included revealing her name and her contact information with her then-employer Chartwell Law in Miami, Florida – which she had personally kept private on all of her social media -- and encouraging others to target Chartwell Law's Miami office with baseless accusations that Ms. Khorashi was an antisemite who hated Jews and supported Hamas terrorism and was unfit for continued employment with the Firm. Although the Defendants' public posts with the link to Plaintiff's Chartwell Law profile were accessible from anywhere, they knew that Plaintiff was an attorney whose career and continued employment with Chartwell Law depended on her reputation in Florida and it is therefore reasonable to infer that they hoped to motivate others in South Florida who were more likely to do business with Chartwell Law's Miami office or have contacts at the Firm to take actions that would inflict the maximum amount of personal and professional reputational harm on Plaintiff in Florida.

5. The reputational injury and ultimate termination of Plaintiff's business and employment relationship with Chartwell Law would not have occurred but for the fact that Defendants publicly disclosed the link to her Firm profile on a well-known anti-Muslim doxing page that was viewed and followed by many individuals in Florida and elsewhere. If the Defendants had only intended to injure Plaintiff's online reputation as a social media influencer there

would have been no need to identify her employer as Chartwell Law or provide the address and contact information for the Firm's office in Miami where she worked.  By publicly disclosing cation and address   name and work contact information to individuals in Florida who

6. The claims against Defendants arose in Miami-Dade, County, Florida, in the Miami Division of the United States District Court for the Southern District of Florida, which is where venue is proper.

## Parties

7. Plaintiff, Zohra Khorashi ("Plaintiff" or "Ms. Khorashi") is a resident of Miami-Dade County, Florida, who was formerly employed as an attorney by Chartwell Law Offices LLP at its office located in Miami, Miami-Dade County Florida, until her termination on February 28, 2024.

8. Defendant, Gadi Beer ("Beer" or "Defendant") is a resident of Pennsylvania and the CEO of Chartwell Law until he left the Firm in early 2023.

9. Defendant, Beth Gellman Beer ("Beer" or "Defendant") is a resident of Pennsylvania.  She is also the wife of Gadi Beer and a former Regional Director at U.S. Department of Education Office for Civil Rights.

## Factual Allegations

10. In or about September 2018, Plaintiff Zohra Khorashi was hired by Chartwell Law, a Philadelphia based Law Firm with a national presence and more than 250 attorneys, for the position of associate attorney in the Firm's Miami office, located 100 S.E. 2nd Street #2150, Miami, FL 33131.

3

11. At the time of Plaintiff's hiring, Gadi Beer was the Firm's CEO, before leaving the Firm in early 2023 to pursue other endeavors.

12. From the time she started working at Chartwell, Ms. Khorashi maintained an Instagram account called "thatlawyermomlife" and was active on social media for several years before she even went to law school. Plaintiff uses her real name on her Instagram page where she shares her personal experiences, insights and sense of humor as she juggles her dual roles as a Muslim parent at home with her full-time professional career as a practicing attorney. Other than using her real name and the same picture that Chartwell Law uses for its firm website, for her profile picture, there is nothing on Plaintiff's Instagram page that references Chartwell Law or identifies her as a member of the Law Firm

13. When the armed conflict between Israel and Hamas erupted on October 7, 2023, Plaintiff, like millions of other Americans, started to post and comment about the war on her social media accounts. Her social media posts supported the Palestinian cause, and as a Muslim mother of three young children, she initially expressed her strong personal opposition to the increasing number of casualties inflicted on innocent Palestinian women and children by the Israeli Defense Forces (IDF).

14. As the conflict expanded and the siege of Gaza intensified, Ms. Khorashi's social media activity continued to focus on bringing attention to the tens of thousands of Palestinian women, children and other non-combatants who were being killed or subjected to food insecurity, lack of shelter, medical

supplies and other humanitarian aid. To present a more complete picture of the debate, in addition to simply posting pro-Palestinian memes and adding her own comments, she also posted unedited footage and statements of the pro-Israeli position from Israeli citizens, politicians, members of the Israeli Defense Forces (IDF) and even some Zionists with whom she disagreed.

15. Plaintiff was well-aware that given the divisive political climate in America in 2023, there was a high likelihood that her social media activity about the Gaza conflict and her outspoken support of the Palestinian cause could be misconstrued by some people as antisemitism. To keep the discussions and comments on her social media about the Gaza conflict respectful and avoid any violations of Chartwell Law's social media policies, Plaintiff consciously avoided any negative references to Jews or Judaism on her social media. To defend herself against accusations that she was a Muslim antisemite who supported Hamas and terrorism against the Jewish people, she also made it clear that her criticism of the "other side" was directed towards Israel's government, the IDF and the Zionists who continued to push for a military solution that targeted innocent Palestinians even as public opinion in Israel started turn against the war.

16. Although there was no content about politics, religion or armed conflict on Plaintiff's Instagram page prior to the Gaza conflict, her social media presence was no secret to many of her co-workers who enjoyed her content about being a mom and a lawyer. Her social media pages and postings were routinely

5

"liked" and commented on by her co-workers and she was even "followed" by some of the Firm's partners and associates. These positive reactions from her co-workers continued even when Plaintiff began to use her social media platforms to speak out about the Gaza conflict after October 7, 2023, and to condemn the targeted killing of innocent unarmed Palestinian Muslim women and children.

17.  No employees or clients of Chartwell Law ever complained to Plaintiff about any of her social media posts in 2023 regarding the Gaza conflict, but since her pages were accessible by the public, some of her pro-Palestinian social media posts predictably drew negative and sometimes threatening reactions and comments from supporters of Israel and self-proclaimed Zionists. Despite Ms. Khorashi's efforts to politely and respectfully engage some of these individuals as best she could in a non-threatening manner, there were several individuals who began to regularly "troll" her social media posts with vile comments about the Muslim religion and even personal threats towards Plaintiff and her family for opposing the actions of the IDF.

18.  Toward the end of November of 2023 and early December of 2023, Ms. Khorashi noticed that an Instagram profile with the handle "Beth Margot" was consistently attacking and criticizing nearly every one of her posts about Gaza.  Over time, the trolling from "Beth Margot" became increasingly obsessive, vile and hateful, and Plaintiff finally blocked "Beth Margot" after she posted a threatening comment that Ms. Khorashi did not deserve to be a mother or an

attorney due to her support of the Palestinians and her opposition to the actions of IDF and the Zionists.

19. In January and February 2024, Plaintiff posted more than 50 times on her Instagram page about the Gaza conflict and her opposition to what she described as a genocide against the Palestinian people.

20. In a post on January 21, 2024, Ms. Khorashi commented about people trying to silence her opinions about the Gaza conflict and promised to "speak louder" and stand firm in her beliefs because "Muslim women do not falter. We Prevail."

21. Plaintiff also used her social media platform to push back against the notion that being "Pro-Palestine" and opposing the rising civilian casualties and other atrocities by the IDF in Gaza made her or anyone antisemitic. On January 29, 2024, she called on Hamas to release the remaining Israeli hostages and agree to a permanent ceasefire so that aid shipments to Gaza could resume, and in a post dated February 7, 2024, she offered the following quote from Malcolm X: "If you're not careful, the newspaper will have you hating the people who are being oppressed and loving the people who are doing the oppressing." On February 15, 2024, she posted a warning about the weaponization of people "who repeatedly dox, attack and threaten [the] livelihood" of those who use their "power and influence" to speak out in favor of the Palestinian cause in Gaza.

21. Doxing is a type of cyber-harassment which involves the online public release of personal information that can be used to identify or locate an

7

individual, usually without the individual's consent. Additionally, there is an unspoken message behind the release of this information: harass the named individual. While doxing is a way to punish people for their perceived crimes, where the doxers play the roles of judge, jury and executioner, the harm that results can be lifelong and severe. Doxing has repeatedly led to death threats, harassment, and job loss for those that are doxed, which often results in the additional loss of one's health care.

22.     Within three days of her warning others about doxxing attacks by supporters of Israel, on February 18, 2024, Ms. Khorashi was "doxed" on an Instagram page called "jewhatedb" in collaboration with an individual with the handle "Stellaingerescobedo" who follows and is followed by the page "stopantisemitism.org."

23.     The "jewhatebd" Instagram page boasts 137,000 followers and is a project of @antijewhate.org that exists for the purpose of "[e]xposing the faces of Jew hatred," and it publicly proclaims that "[w]e've got all the receipts" in addition to encouraging its followers to "[s]ubmit Jew hatred incidents via link." The dashboard for the jewhatedb site includes links to other pages such as "Exposed" where followers can see a gallery of hundreds of posts "outing" Muslims and other supporters of Palestine, labelling them as vicious and dangerous antisemites, calling for them to be harassed online and in person and, in most cases, demanding that they be summarily fired from their employment without any due process or opportunity to defend themselves. There is also a

"Do You Recognize?" tab where people can provide contact information for the targeted individuals and their employers, which is then used by other followers of jewhatedb to carry out the organization's stated mission of subjecting them to public scorn, humiliation and hatred. .

24. In virtually all cases, the stated goal of the doxing attacks initiated and launched from the jewhatedb page is to publicly damage a person's personal and professional reputation so that they are fired from their job and become "radioactive" on the job market. The jewhatedb page even includes an "Updates" section where followers can view hundreds of posts confirming the significant harm suffered by the targeted individuals because of the doxing. In addition, there are numerous examples of collaboration between jewhatedb and "Stellaingerescobedo" where the synergistic effect of the initial doxing is multiplied by being duplicated on stopantisemitism.org's X page.

25. To support its doxing attack on Plaintiff, the jewhatedb page misappropriated one of Plaintiff's posts, and claimed to have "fixed it" by replacing the pronoun "they" with the word "Jews" to falsely portray her as antisemitic. A copy of the initial doxing post from the jewhatedb page is attached hereto as Exhibit 1.

26. Although the initial post itself made no reference to Plaintiff's employment with Chartwell Law, it predictably generated dozens of hateful and threatening comments about Ms. Khorashi, as well as speculation about where she worked and demands that she be fired by whatever Law Firm employed her.

9

Because Plaintiff did not identify her place of employment or her affiliation with Chartwell Law on her social media, one commenter identified as "gramm_tamm" suggested that they should "find out who this person is and have her fired . . . she's a lawyer, should be easy to find her."

27. The request for specific information about Plaintiff's real name and where she worked generated a quick response from "Beth Margot," who posted that "she works at Chartwell Law Offices" and provided a helpful link to Plaintiff's Chartwell Law profile which included her work email, phone number and the contact information for Chartwell's office in Miami. After a commenter identified as "billssunshine" exclaimed that he "Found her in a second" with the link and that "[s]he's horrible," Gadi Beer re-posted the same link to Chartwell Law that "Beth Margot" had posted. Defendants' posts on the jewhatedb page providing Plaintiff's contact information at Chartwell Law are included with Exhibit 1.

28. By their actions in posting the direct link to Plaintiff's Firm profile at Chartwell Law in response to a request to "find out who this person is and have her fired," and in the context of what they knew to be a doxing attack that was intended to harm Ms. Khorashi for her support of Gaza and her perceived antisemitism, the Defendants left little doubt about their desire to contribute to the effort. Although Gadi Beer stepped down as the CEO of Chartwell Law in early 2023, upon information and belief, he still retained an equity interest in the Firm as of February 2024 and remained friends with several of the founding

and equity partners with whom he communicated and interacted with on a regular basis.

29. When Plaintiff was informed by some of her friends that she had been doxed on the jewhatedb Instagram page, she tried to access the page to respond to the false and malicious accusations of antisemitism, but she had already been pre-emptively blocked from accessing or commenting on the doxing post by the page administrator. Based on the screenshots that were sent to her by others, however, she was able to see that Gadi Beer and "Beth Margot," the individual that had been "trolling" her on her Instagram page almost incessantly since November 2023 had each responded to the calls to fire her by posting a link to her profile and contact information on the Chartwell Law website.

30. After looking closely at Gadi Beer's public profile on Facebook, Ms. Khorashi was able to verify that "Beth Margot" was a pseudonym used by Gadi Beer's wife, Beth Gellman Beer, who, in February 2024, was employed as a Regional Director at U.S. Department of Education Office for Civil Rights. After trolling Plaintiff under the fake name "Beth Margot" for almost four months, it appeared that Ms. Beer and her husband were now actively working together and with other online trolls to have her terminated from her employment with Chartwell Law because she was a Pakistani Muslim woman who opposed what she and many others deemed the "genocide" of Palestinians in Gaza by the IDF and the Zionists who control Israel's government.

11

31. On February 28, 2025, just ten days after Gadi and Beth Beer posted a link to Plaintiff's Chartwell Law profile and contact information on the jewhatedb Instagram page, Plaintiff was doxed again from a public X (formerly known as Twitter) account called "stopantisemitism.org" which also identified her by name and her position with Chartwell Law.

32. Like the jewhatedb Instagram account, stopantisemitism is a well-known page with a history of "doxxing," harassing and intimidating Pro-Palestinian advocates on social media. In addition, there are numerous examples of where a doxing collaboration between jewhatedb and "Stellaingerescobedo" is then duplicated on stopantisemitism.org's X page so as to boost the exposure and synergistic effect of the initial doxing.,

33. Similar to jewhatedb, a typical campaign by the stopantisemitism account involves posting the target's personal and professional information on its page to gin up the controversy before specifically encouraging its significantly larger base of more than 237,000 followers to harass the individual. The resulting harassment varies depending on the target and the goal of the doxing attack, but can typically include reposting the false and malicious accusations to other pages to make them go "viral" and increase the negative exposure, trolling the target directly with threating "comments" on their social media pages and posts, contacting the individual's employer to accuse them of employing a known Anti-Semite and demand their immediate termination, and, in some

12

particularly egregious cases, physically stalking the accused person or showing up announced at their home to threaten them or commit acts of violence.

34. Plaintiff's name and personal information were posted by the stopantisemitism account on February 28, 2024 at approximately 2:29 p.m. The doxxing attack highlighted two social media posts from Plaintiff's Instagram and attributed them to Ms. Khorashi, even though one of them did not even belong to her and further misconstrued the content of both posts to fit its narrative that Plaintiff was a virulent Antisemite and supporter of terrorism by Hamas.

35. Within just a few minutes of going public, the doxing attack on Plaintiff began to hit the mark. That afternoon, Ms. Khorashi began to receive dozens of emails and anonymous phone calls at work containing anti-Muslim rhetoric and graphic threats of violence against her and her family and demanding that she be fired by Chartwell Law, Gadi Beer's former employer. Her social media accounts were also flooded with vile threats came from anonymous internet "trolls" and other hateful comments were openly posted by licensed Jewish attorneys under their real names.

36. In addition to the harassing messages and emails received by Ms. Khorashi in the immediate aftermath of her doxing on February 28, 2024, Chartwell Law also began to receive an overwhelming number of phone calls, voicemails, emails and social media messages from supporters of Israel expressing dismay, hurt, offense and disgust at Plaintiff's social media posts

about the Gaza conflict, and demanding that Chartwell Law fire her for her alleged antisemitic words and opinions.

37. The following morning, on February 29, 2024 at approximately 10:20 a.m., Plaintiff was called to a meeting with Chartwell Law's founding partner Charles J. Barreras, General Counsel Michelle Greenberg and Human Resources Manager Jennifer Majewski. Mr. Barreras then informed Ms. Khorashi that she was being terminated from her employment with Defendant, effective immediately, because her social media content which precipitated the doxing did not align with the Firm's values and beliefs and the resulting criticism and hostility towards Chartwell Law for continuing to employ an exposed antisemite and supporter of Hamas terrorism made the Firm's Jewish employees feel unsafe while allegedly damaging the Firm's reputation, client relationships and business.

38. But-for the doxing attack launched by the jewhatedb website on February 18, 2024 with the critical assistance of Defendants Gadi Beer and Beth Beer, Plaintiff's employment and business relationship with Chartwell Law would not have ended on February 29, 2024.

## Count I

### Tortious Interference with a Business Relationship
### (against Defendant Gadi Beer)

39. Plaintiff realleges the allegations of Paragraphs 1 through 38 above.

40. From April 2018 until her termination on February 29, 2024, Plaintiff had a business relationship with Chartwell Law under which she was

14

employed as an Associate Attorney assigned to the Firm's Miami and Deerfield Beach offices in South Florida.

41.  As the former CEO of Chartwell Law until early 2023, Defendant Gadi Beer had knowledge of Plaintiff's business relationship and employment with Chartwell Law.

42.  By his actions in posting the direct link to Plaintiff's Firm profile at Chartwell Law in response to a request to "find out who this person is and have her fired" and in the context of what he knew to be a "doxing" attack with the stated goal of inducing his former employer Chartwell Law to fire her for alleged antisemitism, Gadi Beer engaged in unjustified and intentional interference with Ms. Khorashi's business relationship with Chartwell Law.

43.  As a direct, proximate and foreseeable result of Gadi Beer's intentional, malicious and unjustified interference in Plaintiff's business relationship with Chartwell Law, Plaintiff has suffered significant and continuing economic damages, including lost past and future income, compensation and benefits lost income and benefits, emotional distress, damage to her personal and professional reputation and diminution of her future earning capacity.

44.  Defendant's intentional and unjustified interference has caused Plaintiff to suffer and continue to suffer severe mental anguish and emotional distress, including, but not limited to, depression, stress, anxiety and other emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

45. The actions of Defendant Gadi Beer involved intentional misconduct, actual malice or gross negligence with a specific intent to harm Plaintiff and were in such reckless indifference to Plaintiff's rights as to justify an award of punitive damages.

WHEREFORE, Plaintiff Zohra Khorashi prays that this Court:

A. Declare that the actions of Defendant Gadi Beer constitute intentional and unjustified interference with Plaintiff's business and employment relationship with Chartwell Law

B. Enter judgment in favor of Plaintiff and against Defendant Gadi Beer for intentional and unjustified interference with Plaintiff's business and employment relationship with Chartwell Law;

C. Award Plaintiff compensatory damages, including, but not limited to, damages for emotional distress, lost wages and benefits, in such amount as will reasonably compensate her for her losses;

D. Award Plaintiff punitive damages in such amount as the Court deems just and proper;

E. Award Plaintiff her costs incurred in this this action;

F. Grant Plaintiff such other and further relief as the Court deems equitable, just and proper.

## Count II

### Tortious Interference with a Business Relationship
### (against Defendant Beth Beer)

46. Plaintiff realleges the allegations of Paragraphs 1 through 38 above.

47. From April 2018 until her termination on February 29, 2024, Plaintiff had a business relationship with Chartwell Law under which she was employed as an Associate Attorney assigned to the Firm's Miami and Deerfield Beach offices.

48. As the wife of Gadi Beer, who was the former CEO of Chartwell Law until early 2023, Defendant Beth Beer had knowledge of Plaintiff's business relationship and employment with Chartwell Law.

49. By her actions in posting the direct link to Plaintiff's Firm profile at Chartwell Law in response to a request to "find out who this person is and have her fired," and in the context of what she knew to be a "doxing" attack with the stated goal of inducing Chartwell Law to terminate Plaintiff, Defendant Beth Beer engaged in unjustified and intentional interference with Ms. Khorashi's business relationship with Chartwell Law.

50. As a direct, proximate and foreseeable result of Beth Beer's intentional, malicious and unjustified interference in Plaintiff's business relationship with Chartwell Law, Plaintiff has suffered significant and continuing economic damages, including lost past and future income, compensation and benefits lost income and benefits, emotional distress, damage to her personal and professional reputation and diminution of her future earning capacity.

51. Defendant's intentional and unjustified interference has caused Plaintiff to suffer and continue to suffer severe mental anguish and emotional distress, including, but not limited to, depression, stress, anxiety and other emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

52. The actions of Defendant Beth Beer involved intentional misconduct, actual malice or gross negligence with a specific intent to harm Plaintiff and were in such reckless indifference to Plaintiff's rights as to justify an award of punitive damages.

WHEREFORE, Plaintiff Zohra Khorashi prays that this Court:

A. Declare that the actions of Defendant Beth Beer constitute intentional and unjustified interference with Plaintiff's business and employment relationship with Chartwell Law

B. Enter judgment in favor of Plaintiff and against Defendant Beth Beer for intentional and unjustified interference with Plaintiff's business and employment relationship with Chartwell Law;

C. Award Plaintiff compensatory damages, including, but not limited to, damages for emotional distress, lost wages and benefits, in such amount as will reasonably compensate her for her losses;

D. Award Plaintiff punitive damages in such amount as the Court deems just and proper;

E. Award Plaintiff her costs incurred in this this action;

F.     Grant Plaintiff such other and further relief as the Court deems equitable, just and proper.

Respectfully submitted,

**_Christopher C. Sharp_**
Christopher C. Sharp, Esq.
Fla. Bar No. 996858
E-Mail: csharplaw@aol.com
Secondary Email:  chris@csharplawfirm.com
SHARP LAW FIRM, P.A.
1600 West State Road 84, Suite C
Fort Lauderdale, Florida 33441
Telephone: (954) 909-4246
Facsimile: (954) 827-8028


**_Omar Mustafa Saleh_**
Omar Mustafa Saleh, Esq.
Fla. Bar No. 091216
E-mail: osaleh@cair.com
Secondary: saleh@floridalegalconsulting.com
Syed Ahmed Ali Khan, Esq.
Florida Bar No. 061470
Email: akhan@cair.com
Secondary:  akanew@yahoo.com
COUNCIL ON AMERICAN ISLAMIC RELATIONS
9000 N.W. 44TH Street, Suite 200
Sunrise, FL 33351
Phone: (954) 272-0490

Dated: July 17, 2025          Attorneys for Plaintiff