UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 25-cv-23202-JB

ZOHRA KHORASHI,

    Plaintiff,

v.

GADI BEER AND BETH GELLMAN BEER,

    Defendants.

_____/

### DEFENDANTS' MOTION TO DISMISS COMPLAINT

Defendants, Gadi Beer and Beth Gellman Beer ("Defendants"), by and through their undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully move for an Order dismissing Plaintiff's Complaint [DE 1] for failure to state a cause of action, and in support thereof state as follows:

### INTRODUCTION

Plaintiff maintains a public Instagram account called "thatlawyermomlife" where she shares her personal experiences and insights as a parent and attorney. [DE 1, ¶¶ 12, 16-17]. Following the horrific violence that occurred on October 7, 2023 in southern Israel, Plaintiff began sharing her personal views and opinions about the Israeli-Palestinian conflict, which "supported the Palestinian cause." [DE 1, ¶¶ 13-17]. When making these posts, "Plaintiff was well-aware that given the divisive political climate in America in 2023, there was a high likelihood that her social media activity about the Gaza conflict and her outspoken support of the Palestinian cause could be misconstrued by some people as antisemitism." [DE 1, ¶ 15]. Plaintiff used her real name,

1

identified herself as an attorney, and used a picture for Instagram profile that was the same picture she used for her firm profile at Chartwell Law. [DE 1, ¶ 12].

Notwithstanding the fact that Plaintiff publicly disclosed information on her Instagram from which her employer could be readily identified via a Google search and/or LinkedIn search, Plaintiff now claims that Defendants engaged in a "well-coordinated doxing attack" that disclosed she worked for Chartwell Law. [DE 1, ¶¶ 4, 27]. This "well-coordinated attack" was apparently limited to two alleged social media posts that provided a link to Plaintiff's Chartwell Law profile. [DE 1, ¶¶ 4, 27].

Plaintiff was eventually terminated from Chartwell Law based on the fact that her social media activity "did not align with the Firm's values and beliefs . . . ." [DE 1, ¶ 37]. But rather than accept responsibility for her own social media content, Plaintiff is trying to blame Defendants for her termination. Plaintiff has filed a claim for tortious interference against each Defendant based on the Defendants' alleged social media post identifying Chartwell Law as Plaintiff's employer. But even accepting all of her allegations as true, Plaintiff cannot state a viable claim for tortious interference. Plaintiff's own allegations reveal that Defendants did nothing more than provide truthful, publicly available information, which cannot serve as the predicate for a tortious interference claim. Moreover, Plaintiff concedes that her termination resulted from her own conduct, not Defendants' alleged interference. Regardless, Defendants' purported conduct is protected free speech and cannot be the basis for a tortious interference claim..

In short, Plaintiff's own allegations foreclose her claims. Because the Complaint itself demonstrates that Defendants' alleged conduct was justified, constitutionally protected, and did not cause Plaintiff's alleged damages, dismissal with prejudice is required. Moreover, because this

suit falls squarely within Florida's Anti-SLAPP statute, Defendants should be awarded their reasonable attorneys' fees and costs.

## MEMORANDUM OF LAW

### I. LEGAL STANDARD

"To survive a motion to dismiss under Rule 12(b)(6)," a complaint must advance a "viable legal theory." *Branch Banking & Trust Co. v. Lichty Bros. Constr., Inc.,* 488 F. App'x 430, 433 (11th Cir. 2013) (per curiam). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions . . . [f]actual allegations must be enough to raise a right to relief above a speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). While the plaintiff's allegations are to be accepted as true, a claim should be dismissed under Rule 12(b)(6) where recovery is barred. *Marsh v. Butler County, Ala.*, 268 F. 3d 1014, 1022 (11th Cir. 2001); *see also*, *Jones v. Bock*, 548 U.S. 199, 215 (2007) (if the allegations show that relief is barred, the complaint is subject to dismissal for failure to state a claim).

### II. PLAINTIFF HAS FAILED TO STATE A COGNIZABLE CLAIM FOR TORTIOUS INTERFERENCE AGAINST EITHER DEFENDANT.

"Under Florida law, the elements of tortious interference with a contract or business relationship are: (1) the existence of a business relationship, not necessarily evidence by an enforceable contract, under which the plaintiff has legal rights; (2) the defendant's knowledge of the relationship; (3) an intentional and unjustified interference with the relationship by defendant; and (4) damage to the plaintiff as a result of the interference." *Menudo Int'l, LLC v. In Miami Prod.,*

*LLC*, No. 17-21559-CIV, 2018 WL 1138300, at *3 (S.D. Fla. Mar. 2, 2018) (citing *Salit v. Ruden, McClosky, Smith, Schuster & Russell, P.A.*, 742 So. 2d 381, 385–86 (Fla. 4th DCA 1999)). Here, Plaintiff's tortious interference claims fail as a matter of law because she has not, and cannot, establish the third or fourth essential elements of her claims.

### A. Plaintiff has not alleged unjustified interference.

The law is clear that "[t]o survive a motion to dismiss and allege a claim premised on tortious interference, a plaintiff must allege that 'the defendant acted without justification.'" *Menudo Int'l, LLC v. In Miami Prod., LLC*, No. 17-21559-CIV, 2018 WL 1138300, at *3 (S.D. Fla. Mar. 2, 2018) (citing *Sec. Title Guarantee Corp. of Balt. v. McDill Columbus Corp.*, 543 So. 2d 852, 855 (Fla. 2d DCA 1989)). Here, Plaintiff cannot plausibly make that showing.

By her own allegations, Defendants merely responded to online speculation by posting a link to Plaintiff's Chartwell Law profile—a page containing nothing but truthful, publicly accessible information. [DE 1, ¶¶ 26-28]. Plaintiff's Instagram page used her real name, identified herself as an attorney, and included a profile picture that was the same picture used on her Chartwell Law firm profile page. [DE 1, ¶ 12]. Indeed, Plaintiff admits that her identity as a Chartwell Law attorney could easily be discovered, and that others besides Defendants identified her employer. [DE 1, ¶¶ 26-28]. As courts have consistently held, furnishing truthful information to a third party does not constitute unjustified interference. *See Worldwide Primates, Inc. v. McGreal*, 26 F.3d 1089, 1092 (11th Cir. 1994); *Wesley Fin. Grp., LLC v. Westgate Resorts, Ltd.*, 746 F. Supp. 3d 1342, 1359 (M.D. Fla. 2024).

Plaintiff's self-serving and conclusory allegations of malicious intent cannot change the analysis. Florida courts have been clear that, even when made to a contracting party directly (which is not alleged here), communications containing truthful information cannot sustain an interference claim absent fraud, coercion, or wrongdoing. *See Ferris v. S. Fla. Stadium Corp.*, 926 So. 2d 399,

402 (Fla. 3d DCA 2006). No such misconduct is alleged here. Plaintiff's Complaint should be dismissed for this reason alone.

### B. Plaintiff has failed to establish a causal relationship between Defendants' alleged interference and her damages.

Plaintiff's claims also fail because she does not allege that Defendants' conduct caused her damages. Plaintiff acknowledges that Chartwell Law was already aware of her social media activity [DE 1, ¶ 16], and that she recognized the risk that her posts could be construed as antisemitic. [DE 1, ¶ 15]. Ultimately, she admits that her termination was based on Chartwell Law's independent determination that her social media content conflicted with the firm's "values and beliefs" and generated reputational harm. [DE 1, ¶ 37].

Most telling, Plaintiff admits that the wave of communications that prompted her termination came only after a separate post by "stopantisemitism.org." [DE 1, ¶¶ 31-36]. Defendants are not alleged to have any involvement in that subsequent post. This admission severs any causal link between Defendants' alleged conduct and Plaintiff's termination. Under Florida law, the absence of a causal connection is fatal to her claim. *See Tietig v. Southeast Regional Construction Corp.*, 557 So.2d 98, 99 (Fla. 3rd DCA 1990) (holding that "lack of a causal relationship between the alleged 'interference'" and the alleged damage "precludes recovery as a matter of law"). Plaintiff's Complaint should be dismissed for this reason as well.

### III. PLAINTIFF'S CLAIMS ARE BARRED BY FLORIDA'S "ANTI-SLAPP" STATUTE, FLA. STAT. § 768.295.

Plaintiff's claims should also be dismissed because they fall squarely within Florida's Anti-SLAPP statute. Florida's Anti-SLAPP statute was enacted to make it easier, faster, and less expensive for the victims of SLAPP to dismiss cases and to be compensated for defending themselves against them. To qualify as a SLAPP, a case must satisfy two conditions. First, the court must determine whether the claims at issue are "primarily" based on protected speech.

5

*Vericker v. Powell,* 406 So. 3d 939, 945 (Fla. 2025); § 768.295(1), Fla. Stat. Second, the court must determine whether the claims asserted by the plaintiff are "without merit." *Id.*

Here, both conditions are met. Plaintiff's allegations concern Defendants' speech in response to Plaintiff's own public commentary about the Gaza conflict—a quintessential matter of public concern. [DE 1, ¶¶ 13-21]. Such speech is constitutionally protected, and thus the first prong of the anti-SLAPP inquiry is easily met. *Demby v. English*, 667 So.2d 350, 354 (Fla. 1st DCA 1995); *Snyder v. Phelps*, 562 U.S. 443, 451-52 (2011). The claims against Defendants also satisfy the second prong of the anti-SLAPP inquiry because, for the reasons set out above, the claims against them are "without merit."

Because Florida recognizes a substantive right to be protected from litigation over the exercise of free speech in connection with public issues, the Court should dismiss the Complaint with prejudice and grant Defendants their reasonable attorneys' fees and costs incurred responding to this lawsuit. *See Corsi v. Newsmax Media, Inc*., 519 F. Supp. 3d 1110, 1128 (S.D. Fla. 2021); Fla. Stat. §768.295(4) ("The court shall award the prevailing party reasonable attorney fees and costs incurred in connection with a claim that an action was filed in violation of this section.").

## IV.    CONCLUSION.

Plaintiff's complaint fails to state a claim as a matter of law. Her own allegations confirm that Defendants engaged only in truthful, constitutionally protected speech; that her employer acted because of her own posts; and that no causal connection exists between Defendants and her termination. Florida law does not permit Plaintiff's claims to proceed.

WHEREFORE, Defendants, Gadi Beer and Beth Gellman Beer, respectfully request that this Court enter an Order dismissing Plaintiff's complaint with prejudice, awarding Defendants

their attorneys' fees and costs pursuant to Fla. Stat. § 768.295(4), and granting such further relief that the Court may deem just and proper.

                                                              Respectfully Submitted,

                                                              */s/ Jaclyn S. Clark*

KENNETH G. TURKEL
Florida Bar No. 867233
Email: kturkel@tcb-law.com
TURKEL CUVA BARRIOS, P.A.
100 N. Tampa Street, Suite 1900
Tampa, FL 33602
Phone: (813) 834-9191
Fax:    (813) 443-2193

JACLYN S. CLARK
Florida Bar No. 117652
Email: Jaclyn@thelawfareproject.org
THE LAWFARE PROJECT
633 THIRD AVENUE, 21st Floor
New York, NY 10017
Phone: (212) 339-6995

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2025, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification to all counsel of record.

                                                               */s/ Jaclyn S. Clark*
                                                               Counsel