# **Exhibit 1**

Declaration of Marc J. Randazza

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)
Case No. 25-cv-23202-JB

ZOHRA KHORASHI,

     Plaintiff,
v.

GADI BEER AND BETH GELLMAN BEER,

     Defendants.
_____/

## DECLARATION OF MARC J. RANDAZZA

I, Marc J. Randazza, hereby declare:

1. I am over 18 years of age and have never been convicted of a crime involving fraud or dishonesty. I have knowledge of the facts set forth herein, and if called as a witness, could and would testify competently thereto.

2. I am Counsel for Defendants Gadi Beer and Beth Gellman Beer as well as for Kenneth Turkel, Esq. and Jaclyn S. Clark, Esq. for the limited purpose of representing them in connection with the Parties' Motions for Sanctions.

3. I submit this declaration in support of Defendants' Reply in Support of Motion for Sanctions for Misrepresentation to the Court (the "Reply").

4. Attorney Christopher Sharp claims that he and I met and conferred shortly after Defendants filed their opposition to Plaintiff's frivolous motion for sanctions (ECF No. 32) (the "Frivolous Motion") regarding "whether the Lawfare Project's Press Release about this case violated Local Rule 77.2 regarding extrajudicial statements by attorneys." ECF No. 52 at ¶ 5.

5. Attorney Sharp has made a material misrepresentation in this claim. The subject of our meet and confer conversation was Defendants' motion for sanctions. There was no lack of clarity in that during our meet and confer.

6. During the meet and confer call, Sharp initially said that he was excited to speak to me, because he knew my reputation, and thought I was calling to solicit him to file a defamation case against Defendants and their lawyers in this case. I have no idea about how he could have come to that thought, as it is patently absurd.

7. The reasons for it being patently absurd are:

   a. I filed my notice of appearance in the case (ECF No. 36). At that point, I cannot imagine why Sharp might have thought I was also calling to be *his* lawyer.

   b. Then, my paralegal called his office to arrange the meet and confer.

   c. Then, I filed the opposition to the motion for sanctions. ECF No. 38.

   d. Then, we had our call.

8. Despite the appointment being made clearly as a meet and confer on the issue of sanctions against the Plaintiff in this case, and me having filed a notice of appearance in this case, Sharp seemed very confused as to why I did not want to be *his* lawyer.

9. I quickly disabused Sharp of this notion and notified him that Defendants planned to file a motion for sanctions against him and Plaintiff.

10. I explained all of the reasons that we believed that sanctions were appropriate, including a misrepresentation of this court's statements, as documented by the transcript, and the fact that most of his operative citations were false – and appeared to be AI generated.

11. I told Sharp that Defendants were willing to negotiate over how severe the sanctions should be, but that merely withdrawing the Frivolous Motion would not be sufficient to resolve the dispute, because my clients had already had to expend funds responding to the motion.

12. Sharp represented to me during the call that he would be filing something "today or tomorrow at the latest" to correct the record regarding the Frivolous Motion. I explained that he could have more time if he wanted, but he assured me that he did not need it.

13. Sharp said that there would "never" be an agreement to monetary sanctions.

14. I did nothing to indicate such a filing would obviate the need for a sanctions motion, and in fact I clearly stated that even if the Frivolous Motion were withdrawn, my clients would

still be seeking sanctions given the expense they had to incur in figuring out it was based on material misrepresentations of fact and law and writing the opposition to it.

15. Given Sharp's claim that he would file something by Saturday, Defendants paused finalizing the instant Motion to wait and see what form that "something" would take.

16. Saturday came and went, Sunday came and went. Monday, still nothing, so we completed and filed the motion for sanctions. Sharp's claim of surprise at the filing of this Motion (ECF No. 52 at ¶ 10) lacks all credibility.

17. I had a second phone call with Sharp on December 19, 2026. This was an attempt to resolve the issues even though the motion had been filed.

18. During this call, while I am not retained to defend the case in chief, Sharp and I engaged in a dialogue about it – in which I informed him of my thoughts – that the case itself was shockingly frivolous, and that I believed his best course of action would be to withdraw it.

19. Sharp then surprised me by admitting that he had filed the suit for the purpose of making Defendants so uncomfortable that they would provide evidence against the Chartwell Law Offices, LLP ("Chartwell"), which was Sharp's "real target." He explained that he felt that Khorashi had been wrongfully discharged, and the Beers would have evidence that proved that, and he did not understand why they had not simply called him to offer up that evidence for him.

20. During this call, Sharp repeatedly stated that he was surprised Defendants didn't just agree to testify against Chartwell, and that he didn't even want anything from Defendants other than evidence against Chartwell.

21. I explained that this sounded like an abuse of process and that it might not be to his advantage to actually tell me this information.

22. I attempted to resolve the pending motions during this call. Sharp did say that he was "willing to make amends" for the problems in his motion for sanctions (ECF No. 38) by withdrawing the motion. I explained that this was not "amends" – that when you do something wrong, simply stopping is not "making amends" but rather you have to take responsibility for the problem, and that would mean covering my clients' expenses for this.

23. Attorney Sharp said something to the effect of "so it's $20,000 or nothing?" And I made it very clear that my clients would be open to negotiating what proper "amends" would be, but it was "more than zero dollars."

24. Attorney Sharp also made a suggestion (although I do not think he actually meant it) that perhaps I should report his conduct to the bar. I believe he was being sarcastic. I explained to him that while I did not think doing so would be inappropriate, that I preferred to not put that topic on the table, at all.

25. I do, however, believe that the rank dishonesty in his opposition (ECF No. 51) may have placed me in a position that I am required to do so, and I am analyzing my obligations with respect to that issue.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 20, 2026.　　　　　　　　　　By: /s/ Marc J. Randazza
　　　　　　　　　　　　　　　　　　　　　　　　Marc J. Randazza